UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                   Case No. 12-60627

MICHAEL S. BAZZI,                                        Chapter 11

            Debtor.                           Judge Thomas J. Tucker
_____/

**OPINION REGARDING DEBTOR'S MOTION TO HOLD THE HONORABLE
CYNTHIA GREY HATHAWAY [AND OTHERS] IN CONTEMPT FOR VIOLATION
OF THE AUTOMATIC STAY**

**I. Introduction**

      This case came before the Court on October 3, 2012, for an expedited hearing on Debtor's motion entitled "Debtor's Motion to Hold the Honorable Cynthia Grey Hathaway, Lori A. Dawson, Cyril C. Hall, and Sunshine Oil Company, Inc. in Contempt for Violation of the Automatic Stay" (Docket # 17, the "Motion"). The Court has considered the arguments made by the parties during the hearing and in writing, and all of the briefs, exhibits, and other papers filed by the parties, both before and after the hearing (including those not authorized by the Court's October 3, 2012 Order (Docket # 27), that were filed on October 11, 2012 (Docket ## 40, 41).)

      Because the Debtor in this case is incarcerated, and contends that his incarceration is in violation of the automatic stay under 11 U.S.C. § 362(a), the Court has considered it urgent to rule on the Motion as quickly as possible after the parties' post-hearing briefing concluded, earlier this week. Because of the urgency of this Motion, this opinion will state the reasons for the Court's ruling in a somewhat abbreviated form.

      In the Motion, the Debtor seeks an order requiring that he be released from his incarceration, and other, related injunctive relief, as well as damages under 11 U.S.C. § 362(k)(1)

against some (but not all) of the Respondents named in the Motion, for their alleged willful violation of the automatic stay. Respondents all oppose the Motion, for a variety of reasons.

For the reasons stated in this opinion, the Court will deny the Motion, and will annul the automatic stay for cause under 11 U.S.C. § 362(d)(1), to the extent discussed below.

## II. Jurisdiction

This Court has subject matter jurisdiction over this bankruptcy case and this contested matter under 28 U.S.C. §§ 1334(b), 157(a) and 157 (b)(1), and Local Rule 83.50(a) (E.D. Mich.). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(O). This matter also is "core" because it falls within the definition of a proceeding "arising under title 11" and of a proceeding "arising in" a case under title 11, within the meaning of 28 U.S.C. § 1334(b). Matters falling within either of these categories in § 1334(b) are deemed to be core proceedings. *See Allard v. Coenen* (*In re Trans-Industries, Inc.*), 419 B.R. 21, 27 (Bankr. E.D. Mich. 2009). This matter is a proceeding "arising under title 11" because it is "created or determined by a statutory provision of title 11," *id.*, namely, the Bankruptcy Code sections discussed below. And this matter is a proceeding "arising in" a case under title 11, because it is a proceeding that "by [its] very nature, could arise only in bankruptcy cases." *Id.*

## III. Discussion

The Court finds it unnecessary to discuss all of the arguments of the parties. It is not necessary, for example, to determine whether the "criminal action or proceeding" exception to the automatic stay, contained in 11 U.S.C. § 362(b)(1), applies to the probation-violation

2

12-60627-tjt    Doc 42    Filed 10/12/12    Entered 10/12/12 19:31:09    Page 2 of 10

proceeding and the Debtor's current incarceration in the state criminal case.[1] This is so because the Court concludes that there is cause to annul the automatic stay, to the extent it does apply to the actions Debtor complains of, retroactively to the petition date, and that the Court should exercise its discretion, in the presence of such cause, to annul the stay in this way.

The Debtor's current incarceration, and the charge that he has violated the terms of the state court's probation order, arises from Debtor's alleged failure to pay restitution as ordered by the state court as part of its sentence.

Debtor's obligation to make restitution payments in his criminal case first arose from the state court's December 3, 2009 Order of Probation,[2] which placed Debtor on probation for five years and ordered Debtor to pay "to the court . . . Restitution" of $578,268.21. This was Debtor's sentence for his conviction, following a *nolo contendere* plea, on seven criminal counts. One of these counts was for the use of a "false pretense" "with the intent to defraud or cheat" another of property with a value of more than $20,000, in violation of Mich.Comp.Laws § 750.218(1) and (5). The six other counts were for passing checks without sufficient funds, in the amount of $500 or more, "with intent to defraud," in violation of Mich.Comp.Laws § 750.131(1) and (3)(c).[3]

The victim of Debtor's fraudulent crimes was Sunshine Oil Company. It is undisputed that the Debtor's payment of the $578,268.21 in restitution in Debtor's criminal case, though payable "to the court," ultimately benefit, and be passed by the court on to, Sunshine Oil

---

[1] The Court does not view this as a simple issue in this case. *See generally* the Court's published opinions in the case of *In re Storozhenko*, 459 B.R. 697, 701-07; and 458 B.R. 905 (Bankr. E.D. Mich. 2011).

[2] A copy of this Order of Probation is in the record at Docket # 23, Exhibit B.

[3] *See, e.g.*, Docket # 23, Exhibit A.

Company. In addition, Sunshine Oil Company obtained a civil judgment against Debtor, in this Court, as discussed below.

On December 9, 2009, Debtor filed a Chapter 11 bankruptcy case in this Court, Case No. 09-77600. Although that case was filed only a few days after Debtor was ordered, by the state court's December 3, 2009 Order of Probation, to pay $578,268.21 in restitution to the state court, Debtor did not list this restitution debt in his bankruptcy schedules. He did list in his Schedule F the debt to Sunshine Oil Company (which he named as "Sunshine Oil"), however, in the exact amount of the criminal restitution.[4] Debtor's Chapter 11 case was converted to Chapter 7, on May 4, 2010.[5]

Thereafter, Sunshine Oil Company timely filed an adversary proceeding, on August 16, 2010, Case No. 10-6451, seeking a judgment against Debtor for $560,109.52, and a determination that the debt was nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), 523(a)(6), and 523(a)(7). The complaint contained four counts, each based on a different section of § 523(a). Count IV of Sunshine's complaint described Debtor's December 3, 2009 criminal conviction and sentence, including Debtor's obligation to pay restitution of $578,268.21, and alleged that this debt was nondischargeable under 11 U.S.C. § 523(a)(7), as a "fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, . . .." This Count prayed for a judgment that Debtor's indebtedness to Sunshine in the amount of $560,109.52, in addition to costs, interest and attorney fees, should be exempt from discharge" under § 523(a)(7).[6]

---

[4] Docket # 1 in Case No. 09-77600, Schedule F, filed December 9, 2012.

[5] Docket # 78 in Case No. 09-77600.

[6] Docket # 1 in Case No. 10-6451, pp. 7-8.

Debtor did not respond to Sunshine's complaint, so Sunshine obtained a default judgment on September 21, 2010, which stated, in pertinent part:

> IT IS ORDERED that that the indebtedness of $560,109.52, in addition to costs, statutory interest and attorney fees, owed by the Defendant to the Plaintiff is not discharged.
>
> IT IS FURTHER ORDERED that Plaintiff is entitled to recover from Defendant the sum of $560,109.52, plus statutory interest, costs, and attorney fees until full and complete satisfaction of this judgment.[7]

No other party filed an adversary proceeding in Debtor's 2009 bankruptcy case, and Debtor obtained a Chapter 7 discharge in that case on January 14, 2011.[8] Ultimately, that bankruptcy case was closed on August 10, 2011.

Debtor filed his current bankruptcy case, under Chapter 11, on September 11, 2012. It is clear that Debtor could not obtain any discharge of any debts in this current case, *if* it were filed under or ultimately converted to Chapter 7, because of 11 U.S.C. § 727(a)(8). That is because Debtor's petition in this case was filed within 8 years after the Debtor's 2009 case was commenced, and Debtor received a Chapter 7 discharge in the 2009 case. But this is not a barrier to Debtor obtaining a discharge of at least some of his debts in this case under Chapter 11, except under certain circumstances described in 11 U.S.C. § 1141(d)(3). But even under Chapter 11, the Debtor cannot obtain a discharge of any debt that is excepted from discharge under 11 U.S.C. § 523. *See* 11 U.S.C. § 1141(d)(2).

Debtor does not dispute, and it is clear, that Debtor's civil judgment debt to Sunshine Oil

---

[7] Docket # 9 in Case No. 10-6451.

[8] Docket # 121 in Case No. 09-77600.

Company cannot be discharged in Debtor's current Chapter 11 case, because of the default judgment of nondischargeability entered in Sunshine's adversary proceeding filed during Debtor's 2009 bankruptcy case. And that debt is nondischargeable in this case, under § 523, for the same reasons that it was nondischargeable, and not discharged, in Debtor's 2009 case.

But Debtor argues that the debt he owes to pay restitution in his criminal case is a debt different from the nondischargeable civil judgment debt to Sunshine, even though any restitution paid ultimately will benefit Sunshine Oil Company and will reduce Debtor's civil debt to Sunshine. And, Debtor argues, this criminal restitution debt is not nondischargeable *under 11 U.S.C. § 523(a)(7)*.

But at the October 3 hearing on the Motion, Debtor's counsel conceded, more than once, that Debtor's criminal restitution debt is nondischargeable under, among other possible provisions of § 523(a), 11 U.S.C. § 523(a)(2)(A), because that restitution debt is based *on the Debtor's fraud*. As such, it is nondischargeable because it is a debt for money, property, or services that Debtor obtained by "false pretenses, a false representation, or actual fraud," within the meaning of § 523(a)(2)(A).

Debtor's counsel conceded this during the October 3 hearing. And he said nothing in his post-hearing brief, filed October 9, 2012, to the contrary.[9]

---

[9] Debtor has not argued that the criminal restitution obligation is a debt that was discharged by the Chapter 7 discharge that Debtor obtained in his 2009 bankruptcy case. Debtor might have chosen not to argue this because he concluded that this debt was *not* discharged. Among other possible reasons for this is that it does not appear that the Debtor ever scheduled his criminal restitution debt in his 2009 bankruptcy case schedules. Under the December 3, 2009 Order of Probation, quoted above, that is a debt owing to and to be paid to the Wayne County Circuit Court. But Debtor does not appear to have listed that court, or any related agency of that court or the Probation Department, or the Wayne County Prosecutor, as a creditor in his schedules. As a result, the creditor holding the criminal restitution debt did not get notice of the August 16, 2010 deadline to file an adversary proceeding to determine the debt to be nondischargeable under §§ 523(a)(2), 523(a)(4), or 523(a)(6), *see* 11 U.S.C. § 523(c)(1) and

6

What this means is that if the State, through the Probation Department, the Wayne County Prosecutor, and/or the Wayne County Circuit Court, filed an adversary proceeding in this Court, seeking a determination that Debtor's criminal restitution debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A), it/they would prevail — and this Court would enter a judgment determining that the debt is nondischargeable under that section. (Debtor's counsel conceded this during the October 3 hearing.) As soon as such a judgment were entered, the automatic stay would terminate, for all purposes that matter under Debtor's Motion, under 11 U.S.C. § 362(c)(2)(C). Under that section, the automatic stay under § 362(a), with respect to any act other than "an act against property of the estate," "continues until the earliest of — . . . (C) if the case is a case under . . . chapter . . . 11 of this title, the time a discharge is granted or denied." In *Boatmen's Bank of Tennessee v. Embry* (*In re Embry*), 10 F.3d 401 (6th Cir. 1993), the Sixth Circuit held that the phrase "the time a discharge is granted or denied" includes not only the time when a debtor's discharge is denied altogether, for example, under 11 U.S.C. § 727(a), but also the time when an individual creditor's debt is determined by the bankruptcy court to be nondischargeable under § 523(a).

It is inevitable, therefore, that Debtor's criminal restitution debt will be determined to be nondischargeable in this Chapter 11 case under § 523(a)(2)(A). And the effect of this will be to

---

Fed.R.Bankr.P. 4007(c), in time to file such an adversary proceeding. *See* Docket # 80 in Case No. 09-77600 (showing which creditors were mailed a copy of the notice of conversion to Chapter 7 and the August 16, 2010 deadline under § 523(c)(1) and Rule 4007(c)). As a result, it appears that such debt would be nondischargeable under 11 U.S.C. § 523(a)(3)(B), in Debtor's 2009 case. And quite apart from this, the criminal restitution creditor(s) could still file a nondischargeability adversary proceeding based on 11 U.S.C. § 523(a)(7), if they needed to (after moving to reopen the 2009 bankruptcy case). There is no particular deadline established by the Bankruptcy Code or the Bankruptcy Rules for such an adversary proceeding. *See* Fed.R.Bankr.P. 4007(b).

7

automatically terminate the automatic stay with respect to any efforts to collect this debt, except with respect to acts "against property of the estate." And the incarceration of the Debtor, for his failure to pay restitution as ordered by the state court in his criminal case, does not constitute an act against property of the bankruptcy estate, within the meaning of 11 U.S.C. § 362(c)(1).

The bottom line of all of this, then, is that it is inevitable — only a matter of time, and likely only a relatively short time at that — before the automatic stay will *not* preclude Debtor's incarceration, if in fact the automatic stay even precludes that incarceration to begin with (an issue under § 362(b)(1) that the Court does not decide.) And it is clear, and conceded by Debtor's attorney during the October 3 hearing, that Debtor will not be able to obtain a discharge of his criminal restitution debt in this Chapter 11 bankruptcy case.

Under these circumstances, there is no legitimate bankruptcy-related purpose to be served by this Court invoking the automatic stay to try to spring Debtor from jail, by ordering the Wayne County Circuit Court judge to release him, when such release would only be very temporary, and would only unduly delay the inevitable. To do this under these circumstances would be an undue interference by this Court with the Wayne County Circuit Court's authority over its criminal cases, and with the State of Michigan's criminal justice system. And it would serve no legitimate bankruptcy-related purpose in this Chapter 11 case.

The Court further concludes that under these circumstances, no legitimate bankruptcy-related purpose would be served by imposing monetary sanctions on any of the Respondents, even if the Court could otherwise conclude that they willfully violated the automatic stay.

Under 11 U.S.C. § 362(d)(1), the Court may, among other things, "annul" the automatic stay "for cause." The Court finds such cause here. In *Easley v. Pettibone Michigan Corp.*, 990

8

12-60627-tjt    Doc 42    Filed 10/12/12    Entered 10/12/12 19:31:09    Page 8 of 10

F. 2d 905, 911 (6th Cir. 1993), the Sixth Circuit held "that actions taken in violation of the stay are invalid and voidable and shall be voided absent limited equitable circumstances." The *Easley* court further held that such equitable circumstances include situations where the debtor "is attempting to use the stay unfairly as a shield to avoid an unfavorable result." The court held that:

> where the debtor is attempting to use the stay unfairly as a shield to avoid an unfavorable result, . . . the protections of section 362(a) [will] be unavailable to the debtor.

*Id.* The Court finds that, in this case, and with his Motion, the Debtor is attempting to use the automatic stay "unfairly as a shield to avoid an unfavorable result."

## IV. Conclusion

For the reasons stated in this opinion, the Court will enter an order denying Debtor's Motion in its entirety, and annulling the automatic stay, retroactively to the September 11, 2012 petition date, so as to make clear that none of the actions Debtor complains of in the Motion may be deemed to be a violation of the automatic stay. The order also will make clear, however, that the stay is not annulled, and remains in place, to the extent 11 U.S.C. § 362(a) prohibits any act against property of the bankruptcy estate.

The Court's order also will deny the requests made the Respondents for costs, attorney fees, or sanctions against the Debtor and/or Debtor's attorney, contained in the various responses filed to the Motion, whether based on Fed.R.Bankr.P. 9011, 28 U.S.C. § 1927, or other authority. While the Debtor has not prevailed on his Motion, the Court cannot find that Debtor filed the Motion in bad faith or vexatiously, or that Debtor's Motion was frivolous.

9

**Signed on October 12, 2012**                    **/s/ Thomas J. Tucker**
                                                  **Thomas J. Tucker**
                                                  **United States Bankruptcy Judge**