UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 12-60627

MICHAEL S. BAZZI,                                         Chapter 11

           Debtor.                              Judge Thomas J. Tucker
_____/

**ORDER DENYING DEBTOR'S MOTION TO HOLD THE HONORABLE
CYNTHIA GREY HATHAWAY [AND OTHERS] IN CONTEMPT FOR VIOLATION
OF THE AUTOMATIC STAY, DENYING RESPONDENTS' REQUESTS FOR
SANCTIONS, AND ANNULLING THE AUTOMATIC STAY IN PART**

      This case came before the Court on October 3, 2012, for an expedited hearing on Debtor's motion entitled "Debtor's Motion to Hold the Honorable Cynthia Grey Hathaway, Lori A. Dawson, Cyril C. Hall, and Sunshine Oil Company, Inc. in Contempt for Violation of the Automatic Stay" (Docket # 17, the "Motion"). Today the Court has filed a written opinion regarding the Motion (Docket # 42). For the reasons stated by the Court in its written opinion,

      IT IS ORDERED that:

1. The Motion (Docket # 17) is denied, in its entirety.

2. The automatic stay that arose upon the filing of this bankruptcy case under 11 U.S.C. § 362(a) is annulled, to the extent stated in this Order.

3. To the extent that the automatic stay prohibited, and/or continues to prohibit, any of the following actions:

(a) any action taken by the Wayne County Circuit Court, including any action taken on or after September 28, 2012, in the criminal case of *State v. Michael S. Bazzi*, Case No. 09-006330-01-FH, including the Circuit Court's causing the incarceration of the Debtor Michael Bazzi that has occurred beginning on or about September 28, 2012, relating to Debtor Michael Bazzi's alleged failure to comply with one or more orders of the Wayne County Circuit Court to pay restitution; and

(b) any action taken by any of the respondents named in the Motion, or by any other person, in participating in any way in any of the actions or events described in subparagraph (a) above;

(c) any action taken in the future by the Wayne County Circuit Court, or by any of the respondents named in the Motion, or by any other person, of the type described in

subparagraphs (a) and (b) above;

the automatic stay is annulled, retroactively to the moment the bankruptcy petition was filed in this bankruptcy case, and the automatic stay is annulled on a going-forward basis, all subject to paragraph 4 of this Order, below.

4. Under this Order, the automatic stay of any act against property of the bankruptcy estate under 11 U.S.C. § 362(a) is not annulled, terminated, or modified, or conditioned to any extent. *See generally* 11 U.S.C. §§ 362(a) and 362(c)(1). None of the acts taken to date, of the type described in paragraph 3 above, including the incarceration of Debtor Michael Bazzi, are deemed to have been an act against property of the bankruptcy estate.

5. The requests made by the respondents for costs, attorney fees, or sanctions against the Debtor and/or Debtor's attorney, contained in the various responses filed to the Motion, whether based on Fed.R.Bankr.P. 9011, 28 U.S.C. § 1927, or other authority, are all denied.

**Signed on October 12, 2012**       /s/ Thomas J. Tucker
                                                   **Thomas J. Tucker**
                                                   **United States Bankruptcy Judge**